Terry Wayne **MOORE**,
Movant–Appellant,

v.

**STATE of Missouri,**
Respondent–Respondent.

No. 55272.

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Steven M. Dioneda, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to first degree robbery, armed criminal action and criminal possession of a weapon in exchange for concurrent sentences of twenty years, three years and seven years respectively, plus a nolle prosequi by the state on a second charge of armed criminal action. The trial court accepted the pleas after questioning movant to establish the voluntariness of his pleas including his satisfaction with the performance of his counsel. The court fully complied with the plea agreement.

On December 18, 1987, movant, represented by an attorney, filed his Rule 27.26 motion. Movant alleged his trial counsel was ineffective for failing to investigate movant's history of mental illness. He alleged that such an investigation would have uncovered a viable defense of mental disease or defect, shown his inability to knowingly, voluntarily and intelligently enter his pleas, and would have been considered by the court to be a mitigating factor during sentencing.

Movant and an expert in psychiatry testified for movant at the evidentiary hearing; movant's trial counsel testified for the state. The motion court addressed movant's motion as attacking both the voluntariness of his pleas and the existence of a defense of mental disease or defect, and entered extensive findings of fact and conclusions of law denying the motion.

On appeal movant contends the findings and conclusions are clearly erroneous because "counsel was ineffective in that he failed to properly investigate matters concerning [movant's] history of mental illness and advised [movant] to waive his pre-sentence investigation when the same omissions and actions would have discovered that [movant] suffered from a mental defect as defined by the statutes of Missouri and further deprived him of the opportunity to explore or present any defense or to determine his competency to stand for trial or to voluntarily and knowingly enter a plea of guilty...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

The motion court made the following findings concerning movant's background: movant was 37 and reasonably intelligent, holding a college degree; he was divorced several times; he had a serious drug and alcohol problem; and he had a history of diagnoses of psychiatric disorders.

The court's findings included the following regarding movant's plea hearing: movant's testimony at the hearing "gave no hint" of a defense of mental disease or defect; the plea hearing was regular and the court was reassured by movant and counsel that movant wished to proceed although the pleas were being entered shortly after the commission of the crimes; and at the plea hearing movant was asked, "Do you have any problems with your mental health?" to which he replied, "No, sir."

The court made the following findings about the evidentiary hearing: movant's expert testified that in his opinion movant suffered from a mental disease or defect at the time of the crimes, but was unable to say that "movant was unable to understand the nature and consequences of his action"; the expert further testified that in his opinion movant's pleas were made voluntarily; movant testified that he mentioned his prior psychiatric problems to counsel, requested to see a psychiatrist and asked for medication, but that counsel advised him to plead guilty and then get psychiatric treatment; he also testified counsel instructed him to respond "no" to the court's questions at the plea hearing; counsel, in contrast, testified movant told him only once that he had been admitted to mental hospitals as the result of problems arising from drug and alcohol abuse; counsel testified movant did not request him to obtain medication or a doctor or psychiatrist; and counsel testified he was of the opinion movant knowingly, voluntarily and understandingly participated in his defense and entered his pleas and, further, movant was not then in need of a psychiatric examination or treatment.

The court found counsel's testimony more credible than movant's, that movant had failed to show he had a defense of mental disease or defect and that movant's pleas were entered voluntarily and intelligently with the requisite mental capacity. The court concluded movant had failed to carry his burden of proof that counsel was ineffective not only because the court rejected his testimony, but also because he failed to show prejudice.

We have reviewed the record and the findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.