STATE of Missouri,
Plaintiff–Respondent,

v.

Michael Adam WILLIAMS,
Defendant–Appellant.

No. 16386.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1991.

Raymond L. Legg, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Michael Williams guilty of attempt to commit robbery in the first degree, § 564.011,[1] and he was sentenced, as a prior offender, to a term of imprisonment of 15 years. Defendant appeals.

The one-count information, on which the conviction is based, charged that the defendant committed the offense on December 16, 1988, in Greene County by threatening to shoot Serena Greer if she did not give him money out of the cash register at George's Steak House, 339 South Glenstone in Springfield. Defendant does not challenge the sufficiency of the information or the evidence adduced in support of it.

The state's evidence showed that during the late afternoon and evening of December 16, 1988, defendant committed the charged offense and five other offenses. All six offenses were committed in Springfield, but only the charged offense was committed at George's Steak House. Defendant concedes that evidence of two of the additional five offenses was admissible. Those two offenses involved the robbery of Irene Davis "a little after 6 p.m." at the Village Shoppe, and the attempted robbery of Michael Owen between 10:30 and 11 p.m. at Clark Gas Station. Defendant's brief says, "Defendant recognizes that the evidence of the robbery of the Village Shoppe and attempted robbery of the Clark Gas Station were admissible to establish a common scheme or plan and identity of defendant."

Defendant contends that the trial court erred in receiving into evidence, over defendant's timely objection, evidence "concerning crimes that occurred at Berman's Leather Shop, Spencer Gifts and Famous Barr ... in that the evidence was irrelevant to the crime defendant was charged with and was introduced by the state solely for the purpose of inflaming the passions of the jury by portraying defendant as a 'one man crime wave.'" This court agrees.

During the course of defendant's robbery of Irene Davis at the Village Shoppe, defendant took a purse which contained several of her credit cards. The state's evidence showed that, within an hour following the robbery of Mrs. Davis, defendant used the stolen credit cards to make purchases at three different stores at Battlefield Mall.

Fraudulent use of a credit card is an offense, § 570.130, which may be a class A misdemeanor or a class D felony, depending upon the value of the property or services obtained. By the fraudulent use of a credit card on each occasion, defendant bought a coat from Evonne Hawkins at

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

Berman's, two gold chains from Connie Meyer and Shannon Colley at Spencer Gifts, and a ring and a bracelet from Judy Gaskill at Famous Barr. These collateral offenses were class D felonies. Hawkins, Meyer, Colley and Gaskill all testified as witnesses for the state during its case in chief.

"[P]roof of the commission of separate and distinct crimes by the defendant is not admissible, unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial." *State v. Reed,* 447 S.W.2d 533, 534 (Mo. 1969). " 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.' The test of whether evidence of other distinct crimes falls within any of these exceptions has been aptly stated as follows: 'The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.' " *Id.* at 534.

"Evidence of other crimes should be admitted under one of these exceptions only when the prejudicial effect of the evidence is outweighed by its probative value." *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987). "It certainly is not enough to show that the person on trial committed one or more other crimes of the same general nature in the vicinity of the place where he is charged with committing the crime for which he is on trial, and that he committed such other crime or crimes at approximately the same time." *State v. Buxton,* 22 S.W.2d 635, 636[1] (Mo.1929). Evidence of other crimes "is highly prejudicial and should be received only when there is strict necessity." *State v. Collins,* 669 S.W.2d 933, 936 (Mo. banc 1984). "The

trial court is possessed with substantial discretion in determining the extent to which such evidence may prejudice the defendant." *State v. Engleman,* 653 S.W.2d 198, 199 (Mo.1983).

"If the identity of the accused is established by other evidence and is therefore no longer an issue, it is improper to admit evidence of other crimes on the theory of proving identity. * * * It is not proper to admit details of separate and distinct crimes for the purpose of showing identity." *State v. Griffin,* 336 S.W.2d 364, 367 (Mo.1960).

Seeking to justify the reception of the challenged evidence, the state argues that it was admissible "under the identity and common scheme exceptions to evidence of other crimes and rebutted defense's (sic) alibi evidence."

For the reasons which follow, this court holds that evidence of the three credit card offenses was inadmissible because its prejudicial effect was not outweighed by its probative value, there was no "strict necessity" for its reception, and the identity of defendant was established by other evidence.

Rule 23.05 permits the charging, in separate counts in the same information, of "all offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan." Here the prosecutor adduced evidence of six offenses, but charged only one of them in the information.

The attempted robbery of Serena Greer was of the same or similar character as the robbery of Irene Davis and the attempted robbery of Michael Owen. During each of those three events, defendant sought to obtain money by threats which included statements that he was armed, although no weapon was displayed on any of the three occasions.

Serena Greer, Irene Davis and Michael Owen each identified defendant as the perpetrator of the respective robbery or

attempted robbery. The state had additional evidence on identity. Early in December 1988, Michael Foster and Richard Hugh had driven a repossessed Pontiac from Florida to Springfield. Defendant drove that Pontiac to George's Steak House. At the time the attempted robbery of Serena Greer took place, Foster and Hugh separately arrived at the parking lot at George's Steak House. Both recognized the Pontiac which they saw there. Foster saw defendant emerge from the restaurant "in a rush," get in the Pontiac and drive off. Foster entered the restaurant and found Serena, whom he knew. She was "all shook up and crying" by reason of the attempted robbery which had just occurred. On December 19, 1988, police officers Bristow and Bader arrested defendant. Defendant was the driver of the Pontiac at the time of that arrest.

Aside from the testimony of Hawkins, Meyer, Colley and Gaskill with regard to the three separate credit card offenses, the state had the testimony of Greer, Foster and Hugh with regard to defendant's presence at George's Steak House at the time of the charged attempted robbery, and the testimony of Irene Davis and Michael Owen with regard to defendant's commission of separate similar offenses that night. That testimony, coupled with that of the police officers, was overwhelming evidence of identity.

The credit card offenses bore no "common scheme" relationship to the offense on trial, attempt to commit robbery. After the challenged testimony was admitted and the state had rested, defendant introduced weak alibi testimony through his girl friend. Her testimony did not deal with defendant's whereabouts at the time the credit card offenses were being committed. The state's argument in favor of the trial court's ruling has no merit.

The testimony of the four credit card victims injected evidence of three additional felonies. On this record the trial court abused its discretion in receiving that testimony.

The judgment is reversed and the cause is remanded for a new trial.

HOGAN and PARRISH, JJ., concur.