**STATE of Missouri, Respondent,**

v.

**Corleon D. ANTHONY, Appellant.**

**Corleon S. ANTHONY, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. WD 47458, WD 49062.

Missouri Court of Appeals,
Western District.

Aug. 23, 1994.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

PER CURIAM.

Corleon Anthony's consolidated appeal concerns the admission of other crimes evidence at his criminal trial, and the denial of an evidentiary hearing in his Rule 29.15 post-conviction proceedings.

Appellant was convicted of first degree robbery and armed criminal action after a jury trial. The trial court sentenced him to concurrent prison terms totaling twenty years, and ordered that the sentence also be served concurrently with another twenty-year sentence for robbery.

We affirm both judgments.

## CRIMINAL APPEAL

On March 15, 1992, at around 8:30 p.m., Michael Minor and Scott Tansey were walking home from a restaurant in the Brookside area in Kansas City. As they approached 65th Street, they encountered a group of young African–American men. When one man threatened them with a handgun, Minor and Tansey ran in different directions. Minor felt a blow to the head and fell to the ground. Managing to stand, Minor threw his wallet in the street, and fled. At trial neither Minor nor Tansey could identify the robbers.

On March 18, 1992, appellant was arrested after the police recovered Minor's credit cards from an individual who implicated appellant. On March 19, 1992, appellant confessed to the police in a written statement, admitting his involvement in robbing Minor. Appellant also admitted that he had robbed Delbert Field one night later. In his confession, appellant related the details of both robberies. At trial, the defense objected to admitting portions of the confession relating to the Field robbery. Nevertheless, the trial court admitted into evidence an enlarged copy of appellant's written confession that included the descriptions of both robberies. Further, the police detective who took appellant's confession testified about both robberies.

On March 16, 1992, Delbert Field got out of his car in the driveway of his home near State Line. Two men, one armed with an automatic pistol, accosted Field and demanded his wallet. When Field hesitated, the armed man struck Field in the face with the pistol. Field surrendered his wallet; the men fled. Two days later at police headquarters, Field identified appellant by voice from a videotape lineup as the man who robbed him. At appellant's trial for the Minor robbery, Field testified about his being robbed and about his voice identification of appellant.

In Point I, appellant asserts that the trial court erred in admitting evidence of the robbery of Field. He notes that, over his objections, the trial court admitted details of the other robbery throughout his written confession, and through the testimony of Delbert Field and the police detective. Appellant argues that the trial court erroneously admitted that evidence under the identity exception to the rule against evidence of other crimes. In support, appellant first maintains that the State failed to show the strict necessity of additional identity evidence. Appellant then claims that the State's evidence failed to meet the identity exception for lack of any unique, identifying characteristic between the serial robberies. Countering, the State insists that, because appellant's identity was in issue at trial, the evidence of the other robbery was logically relevant to identify him in the robbery charged.

A defendant may properly seek to exclude from his confession portions relating to other crimes. *State v. Bellew,* 612 S.W.2d 401, 403 (Mo.App.1981). The propriety of excluding those portions depends on application of the rules of relevancy. See *State v. Blair,* 638 S.W.2d 739, 757 (Mo. banc 1982),

*cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983). Generally, evidence of other crimes is not admissible to show an individual's propensity for committing the crime charged. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Exceptions exist, however, when the other crimes evidence logically establishes guilt for the crime charged on matters apart from criminal predisposition. *Id.* Identity provides an exception to the rule excluding other crimes evidence when the defendant's identity is in issue. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). If the defendant's identity is established, it is no longer in issue, and other crimes evidence cannot be properly admitted for proving identity. *State v. Williams,* 804 S.W.2d 408, 410 (Mo.App. 1991). For example, identity is not in issue if the victim and eyewitnesses identify the defendant at trial. *Id.* at 411. But identity becomes an issue through a defense, cross-examination, or argument aimed at disputing identification. See *State v. Lewis,* 874 S.W.2d 420, 426 (Mo.App.1994); *State v. Rhodes,* 869 S.W.2d 797, 799 (Mo.App.1994); *State v. Seaton,* 817 S.W.2d 535, 539 (Mo. App.1991).

■ To prove identity, other crimes evidence must qualify under the signature modus operandi exception by fulfilling two components: similarity and uniqueness. EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE, § 3.10 (1992–94); *see Bernard,* 849 S.W.2d at 17. First, the other crime and the crime charged must bear striking similarity in the type and methodology of crimes committed, in the time span between the crimes, and in the geographic distance separating the two crimes. IMWINKELRIED, *supra,* § 3.11. Yet a series of identical crimes committed close in time and in proximity cannot alone fulfill the signature modus operandi exception. *Id.,* § 3.12; *see Bernard,* 849 S.W.2d at 17. In addition to striking similarity, the other crime and the crime charged must share a unique methodology identifying the defendant as the perpetrator. IMWINKELRIED, *supra,* § 3.12. That methodology must be so unique and distinctive as to become a signature to the defendant's involvement in both crimes. *Bernard,* 849 S.W.2d at 17.

■ Granting that the Minor robbery was committed by someone, was it the defendant? The identity of the defendant as one of the robbers was a contested issue in the case. The only evidence of defendant's identity as the robber was his confession. Defendant made no binding judicial admission, though, that he was one of the robbers. He challenged his confession by way of cross-examination of the police detective who claimed to have witnessed it, and in argument he emphasized Minor's and Tansey's inability to identify defendant as the robber. The defendant thus made an issue of his identity as the robber. The State, then, to corroborate the confession's identity of the defendant as the robber, was allowed to prove that this defendant on the next night committed the Field robbery by a similar method in the same neighborhood. The testimony of Field identified defendant as the robber by his voice. The two crimes, while similar in their method, were not signature crimes. Proof of the Field robbery would not have been admissible to prove, by the similarity of the two offenses, that defendant had also committed the Minor robbery the night before; they were not "signature" crimes. See *State v. Bernard,* 849 S.W.2d 10, 16–17 (Mo. banc 1993). The necessity to show that these crimes were "signature" crimes, however, is only to link the one crime to the other, tending to prove that the known perpetrator of the one crime was the unknown perpetrator of the other. In this case, the link between the two robberies is established by the defendant's confession, which, if believed, proves that the known perpetrator of the Field robbery was the unknown perpetrator of the Minor robbery, for which defendant was being tried. (Absent the confession, the proof of the Field robbery would not have been admissible, under the teaching of *Bernard,* 849 S.W.2d at 19.) The evidence of the other crime is not admissible as a matter of right; the admissibility is subject to the trial judge's discretion, however, "only if the probative value of the evidence outweighs its prejudicial effect." *Bernard,* 849 S.W.2d at 17. In this case, we find the trial judge did not abuse his discretion, and we find no error in the admission of the evidence.

## POSTCONVICTION APPEAL

In Point II, appellant asserts that the motion court clearly erred in denying him an evidentiary hearing on an allegation of ineffective assistance of counsel. In his Rule 29.15 motion, appellant faulted his counsel for failing to object to and to move to suppress Field's out-of-court voice identification. The motion further alleged that Field's identification was impermissibly suggestive and unreliable because Field improperly relied on an orange and black jacket worn by appellant. According to appellant, his allegation contained facts not refuted by the record sufficient to demonstrate his counsel's ineffectiveness and prejudice to his case, and sufficient to entitle him to an evidentiary hearing.

We reject appellant's contention. First, we find that the record demonstrates that defense counsel followed a strategy consistent with effective representation. Delbert Field was not scheduled to testify. When the trial court allowed the State a continuance to secure Field's presence, defense counsel vociferously objected and requested a mistrial. Defense counsel also made a continuing objection to Field's identification testimony. During vigorous cross-examination, defense counsel discredited the voice identification by showing that Field had a hearing deficiency, and that Field could not identify appellant by voice in court. When defense counsel questioned Field about the line-up procedures, Field denied any coaching from the police. Second, we find that a motion to suppress was not warranted under the circumstances, and had little likelihood of success. Counsel has the right to select the strategy best suited for his client's case, and cannot be deemed ineffective when reasonable strategy proves unsuccessful. See *State v. Neal*, 849 S.W.2d 250, 258 (Mo.App.1993). The denial of appellant's Rule 29.15 motion without an evidentiary hearing was not clearly erroneous. We deny Point II.

We affirm both judgments.

All concur.