Tedd **BARTELS**, Stanley **Brodowski, and Anthony Carvalho, Appellants,**

v.

**SPORTS ARENA EMPLOYEES LOCAL 137, Howard Wise, William Eggeling, and New Jersey Sports & Exposition Authority.**

No. 87–5512.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Jan. 22, 1988.

Decided Feb. 3, 1988.

---

Michael D. Schottland, Chamlin, Schottland, Rosen, Cavanagh & Uliano, Freehold, N.J., for appellants.

James Katz, Tomar, Seliger, Simonoff, Adourian & O'Brien, Haddonfield, N.J., for appellees Sports Arena Employees Local 137, Howard Wise and William Eggeling.

## OPINION OF THE COURT

Before GIBBONS, Chief Judge, and WEIS and GREENBERG, Circuit Judges.

GREENBERG, Circuit Judge.

This matter is on appeal from an order filed in the district court on June 30, 1987 dismissing this action with prejudice and granting motions by defendants for sanctions in the form of attorney's fees against plaintiffs' attorneys under Fed.R.Civ.P. 11 and Fed.R.Civ.P. 37.

The complaint was filed on May 19, 1986 by the firm of Chamlin, Schottland, Rosen, Cavanagh & Uliano on behalf of plaintiffs Tedd Bartels, Stanley Brodowski and Antone Carvalho, all members of Sports Arena Employees Local 137, against that union and two of its officers, Howard Wise and William Eggeling, and against the New Jersey Sports & Exposition Authority. In the first count plaintiffs alleged that the union was their bargaining representative with the Authority as successor to the Monmouth Park Jockey Club for the Monmouth Park Race Track. The count further set forth that as a result of a breach of the collective bargaining agreement, on or about May 7, 1984 plaintiffs were denied employment at the Park and that the union breached its duty to represent plaintiffs fairly and refused to process a grievance filed by Bartels regarding the work denial. As a result plaintiffs lost several months employment in the summer of 1984 and lost income and other benefits.

In their second count plaintiffs alleged that on or about May 24, 1985 they were again denied employment at Monmouth Park in direct violation of their rights by defendants' breach of the collective bargaining agreement. They further asserted that the union failed to represent them properly and refused to take Bartel's grievance to arbitration. In the third count plaintiffs charged that from May 5, 1984 to May 7, 1984 and in May 1985 Wise and Eggeling willfully and maliciously conspired with agents of Monmouth Park to ignore the collective bargaining agreement, breached their obligations as union officers and tortiously interfered with plaintiffs' contractual rights.

Following the filing of separate answers, one on behalf of the union and its officers, and the other by the Authority, the parties engaged in rather contentious discovery, the details of which need not be recounted. Then on December 24, 1986 plaintiffs filed a motion in the district court seeking an order dismissing the action without prejudice as to the union and its officers and with prejudice as to the Authority. In an affidavit attached to the motion a member of the Chamlin firm indicated that the orders were being sought as there were proof problems in the liability theories being asserted for breach of the duty of fair representation and that only the tortious

interference with contractual rights claims which would be more properly advanced in state court merited pursuit. Thereafter the Authority filed a motion for costs and attorney's fees under Fed.R.Civ.P. 11 and Fed.R.Civ.P. 37 and the union and its officers filed a motion to dismiss the complaint with prejudice and sought sanctions under Fed.R.Civ.P. 11.

Oral argument was held on the motions on February 2, 1987 following which the district judge ruled that the action was barred by the six months period of limitations set forth in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), for bringing actions against employers and unions for breach of a collective bargaining agreement by the employer and breach by the union of its duty of fair representation of the employee. The judge pointed out that the period of limitations runs from when it was apparent or should have been apparent that no action would be taken and that the plaintiffs should have known that the union was not going to take any action on their behalf no later than on May 1984 for the first event and May 1985 for the second. Thus, the first two counts were untimely as the complaint was filed May 19, 1986. The third count was barred as the judge held that the exclusive remedy for the wrongs alleged was the action for breach of the duty of fair representation. Accordingly, the judge ruled that the entire complaint would be dismissed with prejudice. The judge then said that he would enter an order for sanctions after the submission of affidavits but entered no order for dismissal.

Following the submission of various documents, including a certification of a member of the Chamlin firm in which he re-

quested that if sanctions were to be imposed they be "awarded against our firm, and not against our clients" and in which he said "[f]rankly, I missed the six-month statute of limitations as it applied to this case, and as created by the decision of the United States Supreme Court in the *DelCostello* case," the judge filed a letter opinion on June 30, 1987 awarding costs and counsel fees of $3,503 to the union and $4,000 to the Authority.[1] On the same day an order was filed denying plaintiffs' motion for a voluntary dismissal without prejudice, granting defendants' motions for dismissal with prejudice and requiring that plaintiffs' attorneys pay the foregoing awards.[2] On July 28, 1987 plaintiffs appealed from the order of June 30, 1987. The Chamlin firm did not join in the appeal and has not separately appealed.

Subsequently, the attorney for the Authority addressed a letter to the Chamlin firm suggesting that this court did not have jurisdiction as the appeal on the merits was untimely and plaintiffs lacked standing to appeal from an award of fees against their attorneys as they were not aggrieved by the order. A copy of the letter was sent to the Clerk of the Court. While it would have been a better procedure for the Authority to move to dismiss the appeal rather than simply writing the letter, inasmuch as the matters raised were jurisdictional we considered them and directed the parties to address letters to the court regarding these issues. After this direction the appeal as to the Authority was dismissed by stipulation; however jurisdictional questions remain inasmuch as the appeal continues against the union and its officers.

We deal first with the timeliness of the appeal on the merits. No order was en-

---

**1.** It should be noted that when plaintiffs first sought representation from the Chamlin firm the six months limitation period had already expired.

**2.** The order may have imperfectly reflected the motions filed as it appears that the authority did not move to dismiss. Thus it was apparently the judge's intention to grant plaintiffs' motion to dismiss as to the Authority with prejudice. In any event it is clear that the action was

dismissed with prejudice as to all defendants. Plaintiffs do not contend that to the extent that the dismissal was predicated on the statute of limitations it should have been without prejudice on a theory that the court did not reach the merits of the case but merely held that a remedy was barred. *See Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730, 733 (9th Cir.1985). Rather they argue that the complaint was timely. *See also* Fed.R.Civ.P. 41(b).

tered on the court's oral decision to dismiss the action on February 13, 1987. Rather the judge indicated that there would be a further decision on sanctions and the docket sheet in the district court indicated that an order was to be submitted. In fact, the order entered on June 30, 1987 reflected both the decision on the merits and the subsequent determination regarding sanctions. Inasmuch as the court on February 13, 1987 made it clear that further action was contemplated before a judgment was actually entered, we calculate the time for appeal on all issues from June 30, 1987, the date that the order was entered. *See* Fed. R.Civ.P. 58; *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 73 n. 5 (5th Cir.1961); 6A Moore's *Federal Practice* ¶ 58.05[2] (1986). Thus the appeal is timely. Fed.R.App.P. 4(a)(1).

Plaintiffs advance two contentions on appeal. They assert that the sanctions should not have been entered against their attorneys and argue that the complaint was timely. They do not suggest that the judge erred in holding that their only possible cause of action was for breach of the duty of fair representation and thus we will not consider that issue.

■ We will not review the imposition of sanctions as plaintiffs have no standing to appeal from the order providing for them as they were imposed only against the Chamlin firm. *See Marshak v. Tonetti*, 813 F.2d 13, 21–22 (1st Cir.1987). Further, it is clear that while there are variables as to when an attorney against whom a sanction has been imposed may do so, depending upon whether the underlying action is pending and whether the attorney is still of record in it, there is no doubt at all but that at some point an attorney subjected to a sanction may appeal.[3] *See Glaser v. Cincinnati Milacron, Inc.*, 808 F.2d 285 (3d

Cir.1986); *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir. 1985); *Eastern Maico Distributors v. Maico–Fahrzeugfabrik*, 658 F.2d 944 (3d Cir. 1981). *See also* 9 Moore's *Federal Practice* ¶ 203.06 (1987).[4] Accordingly, to the extent that plaintiffs appeal from the order for sanctions the appeal will be dismissed.

We do, however, consider whether the judge correctly held that the action was barred by the statute of limitations. In their brief plaintiffs correctly state that the "claim can be characterized as a hybrid § 301/fair representation claim." *DelCostello* held that a hybrid claim under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against the employer for breach of the collective bargaining agreement and against a union for breach of the duty of fair representation is subject to the six months limitation period in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), for bringing unfair labor practice charges before the National Labor Relations Board. Thus, this action is prima facie barred.

Plaintiffs seek to circumvent *DelCostello* in two ways. First, they point out that the N.L.R.B. will not assert its jurisdiction under section 8 of the National Labor Relations Act, dealing with unfair labor practices, 29 U.S.C. § 158, to consider charges of unfair labor practices in the horseracing industry.[5] *See* 29 C.F.R. § 103.3 (1987). Second, they argue that the complaint was filed within six months of the actions' accrual as their complaint was of a continuing nature as demonstrated by the circumstance that even after it was filed the union allegedly continued to act wrongfully toward them.

■ We find no merit in either of these contentions. There is no suggestion in *Del-*

---

**3.** In this regard we note that as all proceedings in the district court were terminated by the order of June 30, 1987 which imposed the sanctions, there is no doubt that when plaintiffs appealed, the Chamlin firm could also have appealed.

**4.** In view of this disposition we have not set forth the reasons for the court's imposition of sanctions.

**5.** In fact Bartels did make a charge to the N.L.R.B. and was advised by an N.L.R.B. attorney by letter of February 19, 1986 that the Board "has determined that it will not assert its jurisdiction in proceedings under Section 8 of the Act which involve the horseracing industry."

*Costello* that the Court's decision was in any way tied to a consideration of whether the N.L.R.B. would exercise its jurisdiction over an unfair labor practice charge involving the subject matter of the complaint. Rather the Court looked to the similarity in the nature of claims that a union breached its duty of fair representation and engaged in unfair labor practices. 462 U.S. at 169–70, 103 S.Ct. at 2293–94. Further, *DelCostello* was based in part on the Court's belief that adoption of a six months statute of limitations properly balanced the competing interests in labor management relations, the promotion of stable bargaining relationships and the finality of private settlements, against the employee's desire to set aside what he considers was an unfair settlement under the collective bargaining system. *DelCostello*, 462 U.S. at 171, 103 S.Ct. at 2294. The importance of this policy is in no way lessened by the circumstance that the N.L.R.B. will not take jurisdiction over the dispute.

We see no merit to plaintiffs' contention that because of the union's allegedly ongoing wrongdoing, the complaint was timely. Regardless of what the union may or may not have done within the six months before the complaint was filed, the allegations in the complaint are clearly confined to events ending about one year before it was filed. Thus we have no occasion to consider whether claims otherwise barred continue to be viable if a breach of the duty of fair representations continues to within six months of the filing of a complaint.

In view of the aforesaid, insofar as plaintiffs appeal from the imposition of sanctions in the order of June 30, 1987, their appeal will be dismissed. To the extent that they otherwise appeal the judgment will be affirmed.