**Jonah JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44335.**

Missouri Court of Appeals,
Western District.

Sept. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied
Dec. 17, 1991.

David S. Durbin, Appellate Defender, Jeanne Haas McKenna, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., P.J., and FENNER and HANNA, JJ.

HANNA, Judge.

Movant appeals from the dismissal of his Rule 24.035 motion for post-conviction relief as untimely filed. The judgment is affirmed.

Movant pleaded guilty on May 2, 1989, to felonious stealing and interfering with an arrest. §§ 570.030 and 575.150 RSMo [1] On May 12, 1989, the court sentenced mov-

---

**1.** All sectional references are to the Revised Statutes of Missouri 1986, unless otherwise indicated.

ant to consecutive terms of fifteen and three years imprisonment, respectively.

Movant filed his *pro se* Rule 24.035 motion on August 29, 1990, over a year after he was delivered to the Department of Corrections. Counsel was appointed and an amended motion was filed November 19, 1990. The state moved to dismiss movant's motion, arguing that the movant waived his rights to proceed under Rule 24.035 by failing to file the motion within ninety days after his delivery to the Department of Corrections. Rule 24.035(b). On December 3, 1990, the trial court made detailed findings of fact on movant's failure to timely file his motion and the court dismissed movant's motion.

In his first point, movant alleges that the motion court failed to make findings of fact and conclusions of law on all issues, specifically the allegations of ineffective assistance of counsel, arguing that Rule 24.035(i) requires the court to make such findings.

■ Mr. Johnson was delivered to the Department of Corrections on May 24, 1989. Rule 24.035(b) allows movant ninety days after the movant is delivered to the custody of the department of corrections (until August 22, 1989) in which to file a motion under the rule. Movant's failure to file a motion within the time provided by the Rule constituted a complete waiver of his right to proceed thereunder. *Suman v. State*, 783 S.W.2d 525, 526 (Mo.App.1990), Rule 24.035(b). By failing to timely file his post-conviction motion under Rule 24.035, he waived any right to require findings on the merits of his allegations. The court is only required to make findings of fact and conclusions of law sufficient to support the dismissal of the motion on the basis of timeliness. Since timeliness was the dispositive issue of this case nothing else was before the court.

■ The appellate court's review is limited to a determination of whether the lower court's findings were "clearly erroneous." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141, *Rule 24.-035(j)*. The limited findings on the issue of timeliness are sufficient to determine the basis of the dismissal and to allow appellate review of the case. *Grove v. State*,

772 S.W.2d 390, 395, 396 (Mo.App.1989). The first point is denied.

■ Movant next argues that these time constraints for filing are arbitrary, capricious and violated his constitutional rights. The case law interpreting Rule 29.15 and Rule 24.035 is clear. It is indisputable that the time constraints of Rule 24.035 are constitutionally valid and are mandatory by their terms. *Day v. State*, 770 S.W.2d at 695. The time limitations are reasonable, and serve the legitimate end of avoiding delay in the processing of claims. *Id.* These time limits do not violate the movant's right to due process. *Kendrick v. State*, 804 S.W.2d 386, 387 (Mo.App.1991). They do not constitute a suspension of the right to relief under habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989). Moreover, movant does not suggest any legitimate grounds for relief from the rule's rigid time constraints. *See Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991) (absolutely no activity by appointed motion counsel); and *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991) (dereliction of motion counsel).

Movant's citation to *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), is not binding or persuasive. In that case, the Supreme Court held that a delivery to federal prison authorities of a notice of appeal by a prisoner in a federal habeas corpus action constitutes timely filing of that notice. *Houston* is not applicable to Rule 24.035 proceedings but rather, is an interpretation of Rule 4(a)(1) of the Federal Rules of Appellate Procedure. (A prison mailbox rule). *O'Rourke v. State*, 782 S.W.2d 808, 809 (Mo.App.1990). In the movant's case, the motion was not verified by him until August 21, 1990, and he would not be protected even if *Houston* did apply. Movant's second point is without merit.

The judgment is affirmed.

All concur.