Jeffery L. THURMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47056.

Missouri Court of Appeals,
Western District.

Aug. 17, 1993.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

This case presents another incident of a proceeding not contemplated by Missouri's post-conviction motion practice. Appellant/movant's crime was shooting another person five times, at least once in the back of the head, because he claimed the victim owed him money. Jeffery L. Thurman plead guilty to assault and armed criminal action in Jackson County and on October 18, 1991, was sentenced to concurrent thir-

ty-year terms of imprisonment. On September 3, 1992, movant filed a *pro se* Rule 24.035 motion raising various grounds of ineffective assistance of counsel. In this motion, movant stated that he had not filed any other motion to vacate his conviction. The court took up the Rule 24.035 motion on the state's motion to dismiss, which argued the pending motion was a successive one. The court denied the Rule 24.035 motion. Movant appeals.

Movant's Statement of Facts leaves out the following relevant and decisive facts. These facts were set forth in the state's brief and are supported by the record. On November 8, 1991, movant, by appointed counsel, filed an amended motion to vacate his judgment and sentence pursuant to Supreme Court Rule 24.035. The matter was fully litigated and the motion court issued findings of fact and conclusions of law on all of the points raised in the motion, including charges of ineffective assistance of counsel. The denial of the motion was appealed to this court and was affirmed. *Thurman v. State*, 842 S.W.2d 239 (Mo. App.1992). The motion court's ruling in the present case stated as its reason for dismissing the motion that it was a successive motion. The court concluded that as a matter of law it was precluded from entertaining the second post-conviction motion.[1] Rule 24.035(k).

■ Movant's sole point on appeal contends the motion court erred by its failure to enter specific findings on all of the issues presented as required by Rule 24.035(i), whether or not a hearing is held, citing *Holloway v. State*, 764 S.W.2d 163, 164-5 (Mo.App.1989). Movant's argument is that the motion court erred because it failed to rule on the claims of ineffective assistance of counsel alleged in the *pro se* motion. However, the motion court made findings of fact that movant had previously filed a post-conviction motion directed to his criminal convictions, and it concluded as a matter of law that it could not entertain a successive motion. Movant, on appeal,

does not argue how or in what manner these specific findings and conclusions were erroneous. Instead, movant argues that there were no findings or conclusions on the issues raised in the second motion, ignoring the more immediate and essential issue, which was the basis of the motion court's decision.

Movant waived his right to require findings on the merits of his claim of ineffective assistance of counsel by failing to set forth the claimed errors in the first motion. *Johnson v. State*, 818 S.W.2d 656, 657 (Mo. App.1991). Our review is of the motion court's findings and conclusions that the *pro se* motion was successive and therefore could not be entertained by the court.

■ Rule 24.035(j) limits our review to determining whether the motion court's findings and conclusions are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The findings and conclusions are only clearly erroneous if this court is left with the definite and firm belief that a mistake has been made after reviewing the record. *Short v. State*, 771 S.W.2d 859, 863 (Mo. App.1989).

■ Rule 24.035(k) specifically states: "The circuit court shall not entertain successive motions." The rule prohibiting successive motions has been considered and upheld. *See Bandy v. State*, 847 S.W.2d 93, 94 (Mo.App.W.D.1992); *Blankenship v. State*, 783 S.W.2d 939, 940 (Mo.App.S.D. 1990); *Lohman v. State*, 786 S.W.2d 212, 213 (Mo.App.E.D.1990). This is true even though the successive motions allege that the grounds stated therein were not raised in a prior motion and were unknown to the movant. *Swenson v. State*, 772 S.W.2d 673, 674 (Mo.App.1989). In the final analysis, the issue actually before this court has been foreclosed by the Supreme Court Rule and decisions of the appellate courts of this state, leaving no room for any controversy. The point is denied.

---

1. Neither party addresses the obvious, that a post-conviction motion filed nearly a year following initial incarceration is untimely. Rule 24.035(b); *Johnson v. State*, 818 S.W.2d 656, 657 (Mo.App.1991).

As indicated at the outset of this opinion, this case is another example of the ever-increasing number of appeals not within the spirit and contemplation of the post-conviction remedies. *See Dickson v. State,* 449 S.W.2d 576, 583 (Mo.1970). This appeal presents some troublesome matters. Our concerns are (1) whether this appeal constitutes a frivolous appeal in that it presents no justiciable controversy and is so devoid of merit, from the face of the record, that there is little prospect for the appeal to succeed,[2] or whether the questions are fairly debatable,[3] and (2) whether material misrepresentations of both the facts and the law, affirmatively and by omission, have been made.

First, movant's verified Form 14 *pro se* motion for post-conviction relief specifically states that he had not filed any motion to vacate judgment under Rule 24.035 with respect to this conviction. In fact, movant filed his second motion during the pendency of the appeal from his first post-conviction motion, about two weeks after the movant's brief had been filed. Movant's sworn statement that he has not filed any other post-conviction motion prior to this one is an obvious misrepresentation.

The same public defender office has represented movant and pursued both post-conviction motions and filed both appeals. Certainly, counsel was advised of the prior motion, if not by the client, then by the state's motion to dismiss and the motion court's decision, both of which focused on the prior motion. We find it inconceivable, under these facts, that counsel did not know that her client had already filed a post-conviction motion. We are concerned that counsel's failure to acknowledge the prior Rule 24.035 motion does, in fact, perpetuate the misrepresentation, particularly when it was the sole basis for the motion court's decision. Counsel was aware of the misstatement of her client, yet omits from the Statement of Facts and legal arguments any reference that the prior motion

had been filed, fully litigated, denied by the trial court, appealed and affirmed on appeal.

■ Counsel, on behalf of movant, is obligated to make a fair and accurate statement of the essential and decisive facts of the case. Rule 84.04(c) calls for a "fair" statement of the facts. Rule 84.04(c) defines "fair" as "facts relevant to the questions presented for determination." Movant's omission of essential and relevant facts may, under certain circumstances, amount to a material misrepresentation. *See* Supreme Court Rule 4, *Rules of Professional Conduct* Rule 3.3 (1993). The comment to this rule acknowledges that the attorney must present his client's case with persuasive force but that there are circumstances where failure to make a disclosure is equivalent to an affirmative misrepresentation.

■ Following the standards suggested for counsel on criminal appeals, the commentary to the ABA Standards for Criminal Justice 21–3.2 (2d Ed.1980) prescribes the obligations of appellate counsel to the client and to the court: "In his representation of a client, a lawyer shall not ... [k]nowingly make a false statement of law or fact."[4] If the client wishes to proceed against the advice of counsel that there is no merit to the appeal, "counsel cannot deceive or mislead the court on behalf of the client."

■ Judge Donnelly put it in this manner: "The lawyer cannot properly engage in advocacy calculated to mislead or deceive the court, and no lawyer should do so." *State v. Gates,* 466 S.W.2d 681, 683 (Mo.1971). The attorney's obligation to the client does not include omitting relevant and decisive facts from the court. We make no determination on this occasion whether counsel's conduct stepped over that line or came dangerously close. Simply stated, making a material misrepresen-

**2.** *Bowman v. Burlington Northern, Inc.,* 645 S.W.2d 9, 13–14 (Mo.App.1982).

**3.** *See Lansing v. Lansing,* 736 S.W.2d 554, 559 (Mo.App.1987).

**4.** ABA, Code of Professional Responsibilities EC7–7.

tation to the court amounts to bad faith and it is conduct that can not be tolerated.

■ Additionally, we are here discussing contentions that are well-founded by established case law. The movant does not challenge Rule 24.035(k) or its case interpretation from each district of the Missouri Court of Appeals.[5] In fact, movant has studiously ignored the Supreme Court Rule and this well-settled point of law, which causes us to question the good faith basis of the appeal. Instead, movant argues a legal principle that has no bearing to the factual issues. It is a quantum leap over well-settled law to argue another, irrelevant principle. Supreme Court Rule 4 requires that a lawyer not knowingly fail to disclose to the court legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel. *See also Gates*, 466 S.W.2d at 684 (where the court remarked that counsel was required to reveal to the court decisions directly adverse to his client's position, if not raised by the opponent). Well established points of law concerning timeliness and successive motions should have, at the minimum, been acknowledged. As the Comment to Rule 3.3 notes, the reason for the rule is the underlying concept that "legal argument is a discussion seeking to determine the legal premises properly applicable to the case." The Comment states in relevant part:

> Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities.

■ Post-conviction motions are governed by the rules of *civil* procedure. Rule 24.035(a); *Thurlo v. State*, 841 S.W.2d 770, 772 (Mo.App.1992). As such, both the attorney and the client must adhere to Rule 55.03 which requires whomever signs a pleading, motion, or other paper:

that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This court has the authority to order sanctions if an attorney or his client violate Rule 55.03. *Kraft, Inc. v. Missouri Farmer's Assoc., Inc.*, 816 S.W.2d 278, 282 (Mo. App.1991). We avoid the question as to whether this movant's appeal is frivolous and whether either the movant or counsel is subject to sanctions under Rule 55.03. However, we do find movant's position on appeal so manifestly and palpably devoid of merit both on the facts and the law as to be completely untenable. This court may well enforce sanctions in the future if the appeal of a post-conviction motion is determined to be frivolous.

The motion court's findings and conclusions were not erroneous and it properly dismissed movant's successive motion. The denial of post-conviction relief is affirmed.

All concur.

5. *Bandy*, 847 S.W.2d at 94 (W.D.); *Lohman*, 786 S.W.2d at 213 (E.D.); *Blankenship*, 783 S.W.2d

at 940 (S.D.).