Michael **PURKEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 68279.

Missouri Court of Appeals,
Eastern District,
Division One.

March 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

Application to Transfer Denied
May 28, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from a judgment denying his motion for post conviction relief pursuant to Rule 24.035 from a ten year sentence for possession of a controlled substance, methamphetamine. The motion court denied relief after finding movant failed to allege facts not refuted by the record. The issue before this court is whether the guilty plea was involuntary where movant's trial counsel was ineffective because counsel: (a) predicted county jail time with work release; and (b) stated that he could have the charge dismissed if the judge was subsequently not re-elected. Movant is not entitled to an evidentiary hearing unless he alleges facts which are not refuted by the record, and if true, would entitle him to relief. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). We find the facts pleaded by movant are refuted by the record, and therefore, the motion was denied properly. We also find the allegations in the motion and this appeal are frivolous.

We consider facts made available in the legal file. On May 19, 1992, movant was sentenced to ten years on a burglary charge. He was granted probation. During the probation period, movant was charged with possession of a controlled substance, methamphetamine, a class C felony, and possession of drug paraphernalia, a class A misdemeanor. On October 24, 1994, movant pled guilty to the felony pursuant to a plea agreement. In exchange for the guilty plea, the sentence would be made concurrent with the 1992

burglary sentence and the misdemeanor charge would be dismissed.

The court revoked probation on the burglary sentence. It imposed a concurrent ten year sentence on the new plea. Movant subsequently filed this Rule 24.035 motion for post conviction relief. The motion alleged movant's counsel was ineffective and as a result, his plea was involuntary. Relief was denied without an evidentiary hearing.

Movant argues the motion court erred because he is entitled to a hearing on the allegations in his amended motion "that trial counsel incorrectly advised him that he would get county jail time and work release if he entered a plea of guilty. Additionally, counsel advised movant that he could get the charge dismissed if John Grimm [trial court judge] were not re-elected." The state responds the record clearly refutes both allegations.

Our review is controlled by Rule 24.035(j); *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); and *Antwine v. State*, 791 S.W.2d 403, 406 (Mo. banc 1990), cert. denied, 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991).

■■■ After a plea of guilty, the effectiveness of counsel is relevant only as to whether the plea was given voluntarily. *Boxx v. State*, 857 S.W.2d 425 (Mo.App.E.D.1993). To succeed with the claim, movant must demonstrate that his counsel failed to provide reasonably effective assistance, and that as a result, he was prejudiced. *Wilhite v. State*, 845 S.W.2d 592, 594–95 (Mo.App.E.D.1992) (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). To satisfy the "prejudiced" requirement, movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Wilhite*, 845 S.W.2d at 595 (*citing Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985)). Therefore, ineffective assistance without prejudice is not grounds for relief.

■■■ In order to succeed on a claim that his plea was involuntary, there must be a reasonable basis in the plea record for the movant's belief. *Miller v. State*, 869 S.W.2d 278, 279 (Mo.App.E.D.1994). There is nothing in the record which provides a reasonable basis for movant to conclude that he would receive jail time and work release if he agreed to plead guilty.

Defendant's statements at the plea hearing refute any claim of ineffective assistance of counsel as alleged in the motion for post conviction relief. He also signed a plea agreement reiterating the same recitals he told the court, particularly that he was pleading guilty because he was guilty. He was not forced or threatened. He understood that the court would decide the sentence free of any promises.

Movant did not rely on his counsel's prediction regarding a sentence when he offered the guilty plea. He made an agreement for a concurrent ten year sentence with the previously imposed burglary sentence, and the agreement was honored. Execution of the burglary sentence excluded any possible belief in county jail time with work release on the drug charge.

Movant's reference to a statement by his counsel regarding some future judicial election result is meaningless. The judge who accepted the guilty plea was re-elected. The alleged conditional "promise" failed. In fact, the allegation that a sentence on a plea could be followed by dismissal of the charge because of a subsequent judicial change, is ludicrous.

We affirm denial of post conviction relief. We find the appeal frivolous and award the state damages in the amount of $100 and costs. Rule 84.19.

REINHARD, P.J., and CRANDALL, J., concur.