**STATE of Missouri, Respondent,**

v.

**Robert GARDNER, Appellant.**

**Robert GARDNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67147, 69778.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 22, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

GERALD M. SMITH, Judge.

Defendant, allegedly a recovering chemical dependent, appeals from his conviction of illegal delivery of a controlled substance, cocaine base. The conviction was based upon a jury verdict, and the court imposed sentence of twenty-five years as a prior and persistent offender. Defendant also appeals from the court imposed sanctions against his attorney for violation of Rule 55.03. The sanction was a $25 fine. We affirm the conviction and reverse the imposition of sanctions.

The only point raised on direct appeal is that the trial court erred in refusing to give an entrapment instruction. Defendant's testimony was that he needed drugs on the evening in question and that he assisted the undercover police officer in obtaining drugs because he thought the officer would share them with him. The officer's question to defendant as to where he could obtain drugs was not entrapment. Defendant's response to that question of directing the officer to a location where defendant purchased drugs and brought them to the officer did not demonstrate that the officer solicited, encouraged, or otherwise induced the defendant to engage in illegal conduct when he was not ready and willing to engage in such conduct. Sec. 562.066.2 RSMo 1994; *State v. Moore*, 904 S.W.2d 365 (Mo.App.1995)[5–10]. There was no error in the trial court's refusal to give an entrapment instruction.

Defendant filed a *pro se* motion pursuant to Rule 29.15 seeking a new trial based upon ineffective assistance of counsel. Counsel was appointed for him from the public defender's office—Nancy Vincent. Ms. Vincent filed an amended motion to vacate. It was 26 pages long and contained a number of grounds for Rule 29.15 relief. Included were two grounds upon which the motion court based its imposition of sanctions. The first was an assertion that counsel was ineffective for failing to object to the reasonable doubt instruction; the second was a challenge to the constitutionality of Rule 29.15 because of the strict time limits contained therein. It can be readily acknowledged that Missouri appellate courts have uniformly, consistently, and frequently denied challenges to the reasonable doubt pattern instruction and the time limits of Rule 29.15. There is no doubt that under present Missouri case law both attacks are without merit.

The court issued a memorandum in which it denied an evidentiary hearing on the Rule 29.15 motion. It established a schedule for the filing of memoranda in support of the parties' respective positions. In that memorandum it further notified defendant and defendant's motion counsel that the claims headed "trial counsel failed to object to the Court's instruction on reasonable doubt" and "Rule 29.15 is unconstitutional" appear to violate Rule 55.03(b)(2). It directed that unless those claims were withdrawn defendant and his motion counsel are directed to show cause why Rule 55.03(b) has not been violated and why sanctions should not be imposed.

Defendant, by and through counsel, filed a response. Therein it was asserted that coun-

sel was well aware of the chances of success on the two claims at the state court level but that counsel "believes it is her duty to protect her clients' interests at not only this stage of the appeal process but beyond, including direct appeal in state court and federal habeas review, and will not knowingly waive possible future federal habeas claims for Mr. Gardner, should he find himself in need of pursuit of federal habeas relief...." The response then set out examples of situations where courts, both state and federal have reexamined well established legal propositions and counsel's belief that her obligation to her client required her to assure that any possible rights of Mr. Gardner not be waived by failure to assert them in the Rule 29.15 motion.

The motion court issued its findings of fact, conclusions of law, order and judgment. No challenge is made on appeal to those portions of that document disposing of defendant's various claims for relief under Rule 29.15 contained in both his *pro se* motion and the amended motion filed by counsel. The court determined that the claims concerning the reasonable doubt instruction and the constitutionality of Rule 29.15 "are frivolous as a matter of law, are not accompanied by a good faith argument for the reversal of existing law, and are asserted solely on the basis that the Supreme Court in the future 'might change its mind.'" The court characterized the response filed to its memorandum as "an obstinate refusal to accept the commands of Rule 55.03 and the Rules of Professional Responsibility, and mulish insistence that almost any claim can be asserted in a criminal case, because of the seemingly eternal opportunities for collateral attack of criminal convictions." It then imposed sanctions against counsel through a fine of $25.

Before turning to the merits we must address an issue not directly addressed by the parties—standing. Standing cannot be waived, can be raised on appeal for the first time, and is subject to review by an appellate court at any time. *Pace Construction Company v. Missouri Highway and Transportation Commission*, 759 S.W.2d 272 (Mo.App.1988)[1–4]; *Missouri Department of Social Services v. Administrative Hearing Commission*, 826 S.W.2d 871 (Mo.App. 1992)[7]. The appeal in this case was taken in the name of the defendant—Robert Gardner. No monetary sanctions were imposed against Gardner pursuant to Rule 55.03(c)(2)(a). No issue is raised on appeal challenging the sanction imposed against Gardner—the striking of the claims found to be frivolous. Counsel sought to challenge the court's imposition of sanctions by writ in this court and in the Supreme Court. Both applications were denied.

There is no authority in Missouri which addresses the situation now before us. Federal Circuits have taken different approaches to the standing issue. The First Circuit has taken the position that it will not review sanctions imposed against an attorney if the attorney is not a named party to the appeal. *Marshak v. Tonetti*, 813 F.2d 13 (1st Cir. 1987)[4]. The court did recognize the possibility of "special circumstances to warrant the client challenging the order on the attorney's behalf." The Third and Ninth Circuits, and appellate courts in Ohio and Washington, D.C. have followed the First Circuit. *Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101 (3rd Cir.1988)[1]; *Estate of Bishop by and Through Bishop v. Bechtel Power Corporation*, 905 F.2d 1272 (9th Cir.1990)[9–12]; *Parks v. Baltimore & Ohio Railroad*, 77 Ohio App.3d 426, 602 N.E.2d 674 (1991)[2]; *Walker v. District of Columbia*, 656 A.2d 722 (D.C.App.1995)[1, 2].

The Eleventh Circuit has allowed a sanctioned attorney to appeal without becoming a named party to the appeal. *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987)(banc); *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints v. Associated Contractors, Inc.*, 877 F.2d 938 n. 1 (11th Cir.1989), *reh'g denied, en banc*, 888 F.2d 1398, *cert. denied*, 493 U.S. 1079, 110 S.Ct. 1133, 107 L.Ed.2d 1038 (1990). In *Corporation of the Presiding Bishop, supra*, the court identified the close privity between the lawyer and his client in the conduct of the litigation as making it unjust to refuse to hear counsel's appeal of the sanctions. *Supra*, n. 1. In dicta, the Third Circuit has stated that "... while there are variables to when an attorney against whom a sanction

has been imposed may [appeal], depending upon whether the underlying action is pending and whether the attorney is still of record in it, there is no doubt at all but that at some point an attorney subjected to a sanction may appeal." *Bartels, supra* at [1].

This is a quasi-criminal matter governed by the Rules of Civil Procedure. *Thurman v. State*, 859 S.W.2d 250 (Mo.App.1993)[9–10]. Therefore, both the attorney and the client must adhere to Rule 55.03. *Id.* Because the violation found by the court in this case arose under Rule 55.03(b)(2) monetary sanctions could be imposed only against the attorney. Rule 55.03(c)(2)(A). Given the privity between attorney and client referred to by the 11th Circuit, the criminal nature of the underlying proceeding of which the Rule 29.15 motion is a continuation, the Rule-imposed prohibition of joint monetary sanctions against the attorney and client, and the confusion inherent in requiring the attorney to file a separate appeal in a proceeding which is combined on appeal with the already pending criminal proceeding (Rule 29.15(*l*)) we conclude that the client has standing in his appeal to raise the validity of sanctions imposed on his attorney. These are sufficient special circumstances to permit standing by the client.

■ Defendant challenges the applicability of Rule 55.03 to post-conviction motions in criminal cases. In that challenge he refers to the provisions of § 514.205 RSMo 1994, which authorizes a court which has, after hearing, determined that an action, defense, motion, or other proceeding was brought or had frivolously and in bad faith to assess the costs of the other party against the party who proceeded frivolously. That statute specifically exempts from its operation post-conviction proceedings in the nature of a civil action where a convicted person seeks judicial review of his conviction, i.e., Rule 24.035 and 29.15 motions.

While both Rule 55.03 and the statute deal with frivolous proceedings the thrust of each is different. The statute is intended as a means of recompense to a party who must expend money to respond to a frivolous proceeding pursued in bad faith. The rule is intended to deter repetition of the conduct or comparable conduct by others and the sanctions are limited to that required to achieve that goal. Rule 55.03(c)(2). The sanctions are not limited to monetary sanctions and may or may not include recompense to the other party. We are unable to conclude that Rule 55.03 is inapplicable to post-conviction motions. It has been held applicable to such proceedings in *Thurman, supra,* at [9–10]. In *Purkey v. State*, 921 S.W.2d 82 (Mo.App. 1996), we held Rule 84.19 dealing with frivolous appeals applied to appeals from post-conviction motion judgments.

■ We turn to the merits. We note the difference between this case and *Thurman.* That case involved factual allegations in the motion, which formed the basis for the relief sought by the motion. The same situation existed in *Purkey.* In both cases the factual allegations were found to be untrue and obviously untrue. Here the imposition of sanctions was based on the raising of legal positions which counsel believed necessary to raise to avoid waiving them for subsequent state appellate review or federal habeas corpus relief. While the legal issues presented have been firmly and frequently rejected by the appellate courts of this state, we are unable to conclude that under no circumstances could the law be changed by the state courts or a determination be made by the federal courts which would authorize relief on the grounds set forth in the motion. It is counsel's obligation to preserve the rights of the client and to raise those issues which might subsequently be of importance to the client so as not to waive them. Defining reasonable doubt in instructions to the jury has always been a troublesome area and we cannot say for a certainty that the Missouri instruction used in this case will, during the period of defendant's incarceration, continue to be found constitutionally acceptable. The same is true of the time limits imposed by Rule 29.15.

■ "It is the right of counsel for every litigant to press his claim, even if it appears farfetched and untenable, to obtain the court's considered ruling. Full enjoyment of that right, with due allowance for the heat of controversy, will be protected by appellate

courts when infringed by trial courts." *State ex rel. Tannenbaum v. Clark,* 838 S.W.2d 26 (Mo.App.1992)[11, 12] *citing Maness v. Meyers,* 419 U.S. 449, 459 n. 7, 95 S.Ct. 584, 591–92 n. 7, 42 L.Ed.2d 574 (1975). While *Tannenbaum* dealt with contempt, the right to zealous advocacy is equally applicable in the sanctions arena.

The issues raised here present to the motion court a minimum of effort or time to dispose of. They require no evidentiary hearing and in the present state of the law virtually no legal research. Counsel advised the court in her response to the court's memorandum to show cause that she recognized the unlikely chance that she would prevail on the issues, but recognized her obligation to her client required that the issues be raised to preserve them. The same issues are frequently raised in the appellate courts of this state and none of the appellate courts have sought to impose sanctions upon lawyers for doing so. Rule 55.03 serves a useful function but we are unable to find that it was properly used in the situation presented here. It was an abuse of discretion for the motion court to apply Rule 55.03 sanctions here.

Judgment of conviction affirmed. Judgment imposing sanctions against counsel reversed.

CRANE, P.J., and PUDLOWSKI, JJ., concur.