STATE of Missouri, Plaintiff/Respondent,

v.

Duc DUONG, Defendant/Appellant.

Duc DUONG, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 67298, 69804.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 3, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Defendant Duc Duong appeals his conviction by a jury of two counts of first degree assault in violation of § 565.050, RSMo 1986 (Counts I and VII) and two counts of armed criminal action in violation of § 571.015.1 RSMo 1986 (Counts II and VIII) arising out of two shooting incidents. He claims there was no substantial evidence to submit these counts to the jury. Duong also appeals from the judgment of the motion court denying on the merits, after a hearing, his Rule 29.15

motion in which the motion court fined his counsel $25.00 as a penalty for violating Rule 55.03(b)(2) for contending that Rule 29.15 is unconstitutional.

With respect to the direct appeal, no error of law appears and no jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order. The judgment of the trial court is affirmed in accordance with Rule 30.25(b).

## APPEAL FROM MOTION COURT

On appeal from the motion court, Duong asserts that the motion court clearly erred in imposing a fine as sanctions for his counsel's alleged violations of Rule 55.03(c) because sanctions under this rule are not applicable to motions filed for post-conviction relief pursuant to Rules 24.035 and 29.15.[1] Duong further argues that even if sanctions under Rules 55.03(c) are applicable to Rule 24.035 and 29.15 motions for post-conviction relief, sanctions should not have been ordered because the claim raised issues subject to reevaluation, reinterpretation, and reversal and he was required to raise these issues in postconviction proceedings in order to preserve his rights.

In his amended Rule 29.15 motion, Duong claimed that the time restrictions of Rule 29.15 are unconstitutional. The motion court issued a memorandum notifying Duong and his counsel that the challenge to the constitutionality of Rule 29.15 appeared to violate Rule 55.03(b)(2) and that unless the claim was withdrawn, Duong and his counsel would be required to show cause at the time of the hearing on the motion for post-conviction relief why Rule 55.03(b) was not violated and why sanctions should not be imposed. Duong, through counsel, responded that counsel believed it was her duty to protect her client's interests at not only this stage of the appeal process but beyond, including direct appeal in state court and federal habeas review; and would not knowingly waive possible future federal habeas claims for Duong.

In its findings of fact, conclusions of law, order and judgment, the motion court concluded that the challenge to the constitutionality of Rule 29.15 was frivolous as a matter of law and was asserted solely on the basis that the Supreme Court in the future "might change its mind." The court then imposed a $25.00 fine against defendant's counsel as a penalty for the violation of Rule 55.03(b)(2).

We have recently addressed these identical issues in *State v. Gardner*, 932 S.W.2d 858 (Mo.App.E.D. 1996). In *Gardner* we concluded that Rule 55.03 may be applied to post-conviction motions because the rule is intended to deter conduct and the sanctions under the rule are limited to that purpose. *Id.* at 862. However, we held that, although challenges to the constitutionality of Rule 29.15 have been firmly and frequently rejected by the appellate courts of this state, we could not conclude that under no circumstances could the law be changed by the state courts or a determination be made by the federal courts which would authorize relief on the grounds set forth in the motion. *Id.* at 861. We further held that a client's right to zealous advocacy is equally applicable in the sanctions area. We observed that claims that Rule 29.15 is unconstitutional are raised primarily to preserve the issue for subsequent state and federal review, have been rejected on numerous occasions, and can be disposed of with minimal effort. *Id.* at 861–62. We concluded that a motion court abuses its discretion in applying Rule 55.03 sanctions in these circumstances.

For the same reasons the motion court abused its discretion in this case. The order fining counsel is reversed. In all other respects the judgment of the motion court is affirmed.

---

1. A movant for post-conviction relief has standing to raise the validity of sanctions imposed on his attorney in his appeal. *State v. Gardner*, 932 S.W.2d 858 (Mo.App.E.D. 1996).