Daryl NIMROD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56534.

Missouri Court of Appeals, Western District.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied April 25, 2000.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

FORREST W. HANNA, Judge.

In August 1981, the movant, Daryl Nimrod, entered an "Alford" plea[1] to two counts of burglary in the second degree, and two counts of stealing over $150. The court accepted the plea agreement and sentenced him, in accordance with the agreement, to five years imprisonment on each count with sentences to run concurrently. The movant was delivered to the Missouri Department of Corrections on August 27, 1981. He has completed those sentences, and has filed this motion while incarcerated in the federal prison in Leavenworth, Kansas, where he is confined following conviction of an unrelated crime.

On April 21, 1997, the defendant filed a *pro se* motion for post-conviction relief directed to the 1981 convictions, which was subsequently amended by appointed counsel.[2] The motion court determined that the motion was filed out of time, and accordingly, entered findings of fact and conclusions of law dismissing the motion without an evidentiary hearing. On appeal, the movant's complaint is directed to the time limitations placed on the filing of a Rule 24.035 motion. The movant does not discuss the merits of the underlying motion, however, a review of his amended motion filed with the motion court alleges that his plea lacked a factual basis, and thus, his counsel was ineffective in not objecting to the court's acceptance of his plea.[3] Because we determine this appeal to be frivolous pursuant to Rule 84.19, we find it advisable to review the merits of the underlying claim, *ex gratia.*

The movant was charged with acting in concert in two separate incidences of burglary and stealing. One burglary and stealing was committed at the Burgraf Tire Store on November 13, 1980. The other was a burglary and stealing at the residence of his aunt, Ms. Chris Kimball, on April 29, 1980. At the time of his plea, the movant's probation had been revoked by another court of the 16th Judicial Circuit and that court had sentenced him to

---

1. North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

2. Movant's motion was styled "Petition for Writ of Habeas Corpus under 28 USC § 2254." It was amended by appointed counsel and formatted as a Rule 24.035 motion.

3. Movant's *pro se* motion alleges that his attorney coerced him into pleading guilty. The motion that was amended by appointed counsel does not make this allegation.

three years imprisonment. A plea agreement between the prosecutor and the movant concerning the Burgraf Tire and Kimball burglaries was arranged. The agreement was carefully reviewed with the movant at the plea hearing.[4] Extensive questioning shows that the movant understood that he was pleading guilty in accordance with an agreement in which he would receive concurrent sentences of five years imprisonment on each of the four counts and concurrent to the three-year sentence previously imposed by the other court. After taking the movant's testimony, the plea court made findings of fact and conclusions of law and sentenced movant in accordance with the plea agreement.

As indicated, the movant did not admit his guilt. The movant did admit certain facts pointing to his guilt, which was followed by the state's recitation of facts with respect to the defendant's guilt which would be proven in the event of a trial. The movant was charged with acting in concert. The factual basis for his *Alford* plea, while not perfect, reveals that he admitted that his associate stole tires from Burgraf Tire Store and loaded them into the movant's car while movant was acting as a lookout. The police, who apparently were alerted by a store alarm, arrived and arrested the movant and his associate at the scene of the burglary. He acknowledged that his associate was engaging in an illegal act by stealing the tires and that he helped by acting as a lookout. His actual complaint, as we glean it from his *pro se* motion, is that he may have been guilty of stealing, but not burglary in the Burgraf Tire Store incident. The second case was a charge of burglary and stealing of a TV from his aunt's house. The movant denied involvement. However, he understood that his aunt would testify that he had earlier asked her for her TV to give to his girlfriend. On the day of the burglary, the aunt had secured her house and

did not give him authority to enter. A neighbor, who lived across the street, would testify that she saw the movant enter the house and take the TV, and then place it in the trunk of a car that was identified as the movant's car.

The movant testified that he understood that the state would produce this evidence of his guilt, and that the jury would decide his guilt or innocence. He told the plea court that he feared that the jury could easily find him guilty and that his sentence could be greater than his plea agreement. It was for this reason that he waived his right to a jury trial and accepted the plea agreement.

As with any guilty plea, an *Alford* plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Not only is movant's allegation that he was coerced into pleading guilty a conclusory statement and provides no factual basis for his charge, *see Fairley v. State*, 770 S.W.2d 458, 460 (Mo.App.1989), the facts belie his conclusory allegation.

"If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc), *cert. denied*, 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). This is true as it relates to a negotiated plea. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). To prevail on a claim that he received ineffective assistance of counsel in a plea proceeding, the movant must show that there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on a trial. *Johnson v. State*, 962 S.W.2d 892, 896 (Mo.App.1998).

---

4. Additionally, the movant was advised of all of his statutory and constitutional rights,

which, the record reflects, he understood and waived.

██ A guilty plea must be a voluntary expression of the movant's choice, and be "a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *See State v. Roll,* 942 S.W.2d at 375. The movant was aware that the evidence was such that a jury could convict him of all four charges and that his sentence could be in excess of the five-year plea agreement, which was to be run concurrently with the three-year term of incarceration imposed previously to the current case before the court. The record is unmistakably clear that the movant voluntarily traded the possibility of a greater sentence—one or more of which may have been imposed consecutively to the others—if convicted at trial, for the certainty of shorter sentences to be executed concurrently with each other, as provided in the negotiated plea agreement. *See Ames v. State,* 956 S.W.2d 410, 412–13 (Mo.App. 1997).

██ Moreover, he testified that he had discussed the case with his attorney, as well as a previous attorney who had withdrawn, and was satisfied with the services of each attorney. While the movant hesitantly maintained his innocence, one who "has entered an *Alford* plea, like any other movant, has the burden to allege facts which would show his plea was not voluntarily or knowingly made." *Gilliehan v. State,* 865 S.W.2d 752, 756 (Mo.App.1993). Indeed, the plea hearing record refutes any notion that the plea was not knowingly or voluntarily made. The movant understood the factual evidence which would be presented by the state in the event of a trial. Importantly, he testified that he understood the plea agreement and agreed to it. Our review of the allegations in the underlying post-conviction motion show it to be totally lacking of any merit.

In this appeal, the movant challenges the time limitation imposed by Rule 24.035.

The motion court ruled that it was without jurisdiction to hear the merits of the post-conviction motion because it was filed outside of the mandatory time limits imposed by Rule 24.035(b). The movant contends that the time limitation imposed by Rule 24.035 is a denial of his due process rights because there is "no provision for a late filing of a post-conviction relief motion for good cause shown."

██ We note at the outset that the challenge to the time limitation of Rule 24.035 was not presented to the motion court. *Terrill v. State,* 792 S.W.2d 710, 712 (Mo. App.1990). However, our decision is not based on procedural errors, but rather it is based on the appeal's success or lack of it. The reviewing court will affirm unless it is definitely and firmly convinced that the motion court's conclusion of law, that it was without jurisdiction, was clearly erroneous. *See Eberspacher v. State,* 915 S.W.2d 384, 386 (Mo.App.1996); *Johnson v. State,* 818 S.W.2d 656, 657 (Mo.App. 1991).

██ At the time of the two guilty pleas in 1981, Rule 27.26 provided post-conviction relief for a defendant convicted by trial or as a result of a guilty plea. There was no time limitation in which to file a Rule 27.26 motion. However, with the enactment of Rules 24.035 and 29.15, the Missouri Supreme Court set time limitations. *See Day v. State,* 770 S.W.2d 692 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) (explaining the procedural history). Post-conviction motions filed pursuant to Rule 24.035 must be "filed within ninety days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b). Because the movant was committed to the department of corrections before January 1, 1988, former Rule 24.035(*l*) required that the post-conviction motion must have been filed on or before June 30, 1988.[5] "Failure to file a motion

**5.** Rule 24.035 was amended, effective January 1, 1996, and time limits are now governed by

subsection (m), which says: "If sentence is pronounced prior to January 1, 1996, post-

on or before June 30, 1988, shall constitute a complete waiver of any right to proceed." Former Rule 24.035(*l*); *Day v. State*, 770 S.W.2d at 694. The time limitations contained in the post-conviction remedy rules are mandatory. *Id.* at 695.

The movant was delivered to the Department of Corrections on August 27, 1981. His motion for post-conviction relief was filed on April 21, 1997, more than 15 years later, and over nine years past the deadline of June 30, 1988. The record reveals that the movant has completed the sentences in the cases in which he has filed this post-conviction motion, and that on December 14, 1989, he was convicted in the Federal District Court of the Western District of Missouri. He was sentenced to 30 years, which he is presently serving in the United States penitentiary in Leavenworth, Kansas.

██ The movant argues that Rule 24.035 sets arbitrary time limits and it makes no exceptions for good cause or excusable neglect. However, neither the movant's *pro se* filing, nor the amended motion filed by appointed counsel, have attempted to justify the late filing or show good cause for its tardiness. In his brief before this court, the movant argues that his appeal is taken for the purpose of "preservation in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court in [*Day v. State*, 770 S.W.2d 692 (Mo. banc 1989)]." Again, this also was not alleged in the movant's *pro se* or amended motion as a justification for his untimely filing. It is mentioned for the first time in his appellate brief. Moreover, the bare assertion is made without further argument.

██ The filing of a Rule 24.035 motion is the commencement of a civil suit. *Lewis v. State*, 845 S.W.2d 137, 138 (Mo.App. 1993) (citing *Cowans v. State*, 778 S.W.2d 758, 761 (Mo.App.1989)). A frivolous appeal, for purposes of Rule 84.19, has been

defined as "one that presents no justiciable question and is so readily recognizable as devoid of merit that there is little prospect that it can ever succeed." *Prenger v. Baumhoer*, 939 S.W.2d 23, 28 (Mo.App. 1997).

Missouri courts have repeatedly, and without exception, made it abundantly clear that the time limits set forth in the post-conviction rules are valid and mandatory. *State v. Roll*, 942 S.W.2d at 374; *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994), *cert. denied*, 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995); *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 644 (Mo. banc 1991); *State v. Six*, 805 S.W.2d 159, 169–70 (Mo. banc 1991); *Day v. State*, 770 S.W.2d at 695. *See also Duvall v. Purkett*, 15 F.3d 745, 748 (8th Cir.1994), *cert. denied*, 512 U.S. 1241, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994). The time limitations expressed in Rules 24.035 and 29.15 have withstood constitutional challenge, *Curl v. State*, 873 S.W.2d 655, 656 (Mo.App.1994), even though the rules make no provision for late filing if good cause is shown, *Estes v. State*, 793 S.W.2d 205, 206 (Mo.App.1990), or for excusable neglect. *Cowans v. State*, 778 S.W.2d 758, 762 (Mo.App.1989).

██ We are mindful that sanctions should be imposed with extreme caution to avoid chilling the appeal of even the slightest, colorable merit. *Fravel v. Guaranty Land Title*, 934 S.W.2d 23, 25 (Mo.App. 1996). Rule 84.19 permits an appellate court to award damages as it deems just and proper if it determines that the appeal is frivolous. The purpose of sanctions is: (1) to prevent congestion of appellate court dockets with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit; and (2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Id.*

conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on

the date the motion was filed, or December 31, 1995, whichever is earlier."

The sole justification for this appeal is that the movant wishes to protect his interests in the event there is a subsequent decision from another court that would reverse the decisions of the Missouri Supreme Court as well as the numerous decisions by Missouri Courts of Appeals. Other than his bare assertion, movant makes no argument regarding the necessity or validity of such an argument.

 To allege only that the movant wishes to preserve time limitations claims in the event of a later favorable decision in the federal court, will not transform a frivolous appeal into one with merit, nor does it justify the filing of the appeal. *State v. Simmons*, 955 S.W.2d 752, 772 (Mo. banc 1997). In *Simmons*, the Supreme Court sustained the post-conviction court's $250 fine against counsel for raising issues concerning the reasonable doubt instruction, the constitutionality of the death penalty, and juror disqualifications, noting that each has been "firmly and uniformly rejected by previous decisions of [the Missouri Supreme Court] and the federal courts." *Id.* at 771. Preservation of movant's claim for federal review is unnecessary because the federal courts have rejected it. *Id.* at 771–72; *Duvall v. Purkett*, 15 F.3d at 748. As the court noted in *Simmons*, "to preserve the claims in the mere hope that the federal courts might someday change their position would effectively preclude any claim from ever being frivolous and would render Rule 55.03(b) inoperative in all cases where federal review is possible." 955 S.W.2d at 772. The court emphatically stated that counsel would not be allowed "to escape sanctions under Rule 55.03(b) merely by invoking the words 'federal review.'" *Id.* This is not to say that an issue cannot be preserved for federal review when the point has been rejected by the federal courts. To preserve the issue properly, counsel must not only present the issue to the motion court, but also present arguments which confront and refute the previous decisions. *Id.* To simply rehash the argu-

ments already decided will not protect the offender from sanctions. *Id.*

The movant has preserved nothing by filing a Rule 24.035 motion over nine years past the deadline, particularly where he has ignored any statement or explanation of his good cause or excusable neglect. If he has good cause for his failure to file, this appeal will not preserve his rights.

Frivolous appeals of post-conviction motions are not a recent problem. As the Missouri Supreme Court stated in 1970:

[T]his proceeding is another of a large and increasing number of instances of the depths to which post-conviction remedies have been degraded. In short, this is all but a frivolous appeal in a proceeding in circumstances not within the contemplation and spirit of the post-conviction remedies.

*Dickson v. State*, 449 S.W.2d 576, 583 (Mo. 1970). A cursory review of the case law of this state interpreting the time limitations of Rule 24.035 shows that the problem continues. The extraordinary number of appeals from denials of Rule 24.035 motions, which are unsuccessful, is vivid evidence of this problem.

A Rule 24.035 motion originates from a guilty plea and follows a sworn admission of guilt to a crime in a court of law, most always with counsel present. Clearly, an escape valve must be in place to review the case where a mistake may have been made. However, trusting in the competence of counsel, the adversary system, and the good judgment of Missouri's trial bench, mistakes should be rare. Indeed, a review of endless and unsuccessful appeals from denials of Rule 24.035 motions assuredly attests to that fact. Meritless appeals raise a real concern that, among other reasons, the judicial time spent on them should be reserved for those cases with arguably valid claims. While disposition of these cases usually is accomplished in short order, these cases unnecessarily crowd the appellate court dockets and detract from the time available for consideration of those cases that have merit. Time

spent on these motions is detrimental to the fair determination of legitimate claims. This is so not only with respect to the court, but just as assuredly, for counsel.

In this case, the defendant's appeal of the motion court's denial of his motion does not raise arguable points and the issue of whether a subsequent federal court case may someday overrule *Day* is not sufficient cause to justify the appeal. Movant's position on appeal is so manifestly and palpably devoid of merit as to be completely untenable. *Thurman v. State*, 859 S.W.2d 250, 252 (Mo.App.1993). As such, we sanction the defendant for filing a frivolous appeal, and award the state damages pursuant to Rule 84.19. *See Kimmins v. State*, 923 S.W.2d 460, 460 (Mo.App.1996) (ruling the movant's 24.035 appeal was frivolous where the movant contended that the plea court erred in sentencing him as a persistent offender because his two prior convictions were disposed of on the same date); *Purkey v. State*, 921 S.W.2d 82, 84 (Mo.App.1996) (finding the post-conviction appeal frivolous based on the movant's counsel's alleged promise that the charge would be dismissed based on a subsequent judicial change).

We note that the movant's post-conviction appellate counsel was appointed by the motion court and, in this court, filed a motion to withdraw because the appeal "has no chance of succeeding." This court denied the motion to withdraw before the appellant's brief was filed. Thus, we do not fault counsel for contributing to the needless consumption of time.[6]

The movant, Daryl Nimrod, is therefore, ordered to pay $500 to the Missouri Attorney General's Office through his attorney pursuant to Rule 84.19. The total sum shall be paid within 30 days of the mandate of this court at which time, if not paid in full, execution is to issue. A copy of the receipt for the sum shall be filed in this court by movant's attorney within five days following receipt of the sum. The appeal is dismissed.

EDWIN H. SMITH, P.J., and SPINDEN, J., concur.

---

**6.** This court's recent decision in *Martin v. State*, No. 54915 (Mo.App.W.D. April 4, 2000), explains the role of post-conviction counsel and the facts of this case are consistent with our holding in *Martin*.