**Malcolm WITHERSPOON, Plaintiff,**

**v.**

**RENT–A–CENTER, INC., and John Does 1–10, Defendants.**

**No. CIV.A. 01–1836(JEI).**

United States District Court, D. New Jersey.

Aug. 21, 2001.

Delany & O'Brien by Stephen R. McDonnell, John J. Delany, III, Voorhees, NJ, for Plaintiff.

Archer & Greiner by Steven W. Suflas, Cristina M. Fraccalvieri, Tracy L. Asper, Haddonfield, NJ, for Defendant Rent–A–Center, Inc.

### ORDER GRANTING DEFENDANT'S MOTION TO PARTIALLY DISMISS

IRENAS, District Judge.

This matter having appeared before the Court upon Defendant's Motion to Partially Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), the Court having reviewed the submissions of the parties, and it appearing that:

1. Beginning on September 30, 1996, Plaintiff Malcolm Witherspoon ("Plaintiff") was employed by Defendant Rent–A–Center ("Defendant" or "RAC"), or a predecessor corporation, as an Inside/Outside Manager. Plaintiff alleges that all RAC employees seeking promotion to management-level positions are required to take a variety of evaluative tests, including a personality test, which Plaintiff alleges inappropriately asked for private sexual, medical, and religious information. Plaintiff claims that Defendant used the results of these tests as a pretext for what he alleges was a racially-motivated denial of his promotion to Store Manager.

2. On April 19, 2001, Plaintiff filed the instant action, alleging that Defendant is liable for violations of Title VII and the New Jersey Law Against Discrimination, intentional and negligent infliction of emotional distress, violations of his state constitutional and common-law privacy rights, and violations of the Fair Credit Reporting Act.

3. On July 16, 2001, Defendant filed this Motion to Partially Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that (1) Plaintiff failed to exhaust his Title VII claim; (2) his negligent infliction of emo-

tional distress claim is barred by the exclusive remedy provision of the New Jersey Worker's Compensation Act; (3) Plaintiff fails to state a claim for intentional infliction of emotional distress; and (4) amendment of the pleadings would be futile.

4. In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff conceded that, indeed, he had failed to exhaust his Title VII claim and, as a result, withdrew his claim. Plaintiff also did not oppose Defendant's motion to dismiss the negligent infliction of emotional distress claim. Plaintiff did, however, contest the dismissal of the intentional infliction of emotional distress claim, and, in the alternative, sought leave to amend his pleadings.

5. Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court will accept as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom. *Nami v. Fauver*, 82 F.3d ·63, 65 (3d Cir.1996). Dismissal of claims under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although the court must assume as true all facts alleged, "[i]t is not … proper to assume that the [plaintiff] can prove any facts that it has not alleged." *Associated General Contractors of Calif., Inc., v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Finally, when "[c]onfronted with such a motion, the court must review the allegations of *fact* contained in the complaint; for this purpose the court does not consider conclusory recitations of law."

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988) (emphasis added).

■ 6. To establish an intentional infliction of emotional distress claim under New Jersey law, a plaintiff must show (1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe. *Buckley v. Trenton Saving Fund Soc.,* 111 N.J. 355, 544 A.2d 857, 863 (1988); *Horvath v. Rimtec Corp.,* 102 F.Supp.2d 219, 235 (D.N.J.2000) (Irenas, J.). To establish extreme and outrageous conduct, a plaintiff must show conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Buckley,* 544 A.2d at 863 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). The Court notes that "the limited scope of the tort tolerates many kinds of unjust, unfair and unkind conduct." *Fregara v. Jet Aviation Bus. Jets,* 764 F.Supp. 940, 956 (D.N.J. 1991) (quoting *Cautilli v. G.A.F. Corp.,* 531 F.Supp. 71, 74 (E.D.Pa.1982)).

■ 7. Courts have consistently recognized that it is particularly difficult to establish intentional infliction of emotional distress in the employment context. *See, e.g., Horvath,* 102 F.Supp.2d at 235; *Fregara,* 764 F.Supp. at 956. As the court in *Griffin v. Tops Appliance City, Inc.,* 337 N.J.Super. 15, 766 A.2d 292 (2001), recently held, "[e]xcept for the kind of aggravated discriminatory conduct involved in [*Taylor v. Metzger,* 152 N.J. 490, 706 A.2d 685 (1998) ], 'it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emo-

tional distress.' " *Id.* at 297 (quoting *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir.1988)). In *Taylor,* the New Jersey Supreme Court, finding that "the power dynamics of the workplace contribute[d] to the extremity and the outrageousness of [the] defendant's conduct," held that a supervisor's use of a racial slur presented a triable issue of intentional infliction of emotional distress. 706 A.2d at 695.

■ 8. In this case, Plaintiff has failed to sufficiently allege a claim. It is not clear from Plaintiff's Complaint whether it was the administration of the personality test or the denial of promotion—or both—that led to his alleged distress. That said, neither meets the standard of extreme and outrageous conduct required under New Jersey law. First, standardized psychological testing of this type for management-level positions has been around for several decades, and thus is not "utterly intolerable in a civilized society." *Buckley,* 544 A.2d at 863. Moreover, the fact that the test at issue here was given to hundreds of RAC employees negates any intentionality as to Plaintiff. Second, courts have routinely held that claims regarding employment decisions fail to state a claim for intentional infliction of emotional distress as a matter of law. *See Borecki v. Eastern Int'l Mgmt. Corp.,* 694 F.Supp. 47, 61 (D.N.J.1988). Furthermore, Plaintiff has not even begun to allege that he suffered emotional distress "so severe that no reasonable man could be expected to endure it." *Buckley,* 544 A.2d at 864 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). The courts have employed such extreme language not to be facetious but rather to convey the extraordinary nature of the tort as well as the rarity of its occurrence. Plaintiff simply has not stated such a claim.

9. Plaintiff, in the alternative, seeks to amend his Complaint, ostensibly to bolster his allegations. The Federal Rules of Civil Procedure encourage and provide for a liberal policy for amending pleadings. Under Fed.R.Civ.P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. 227. The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is "the touchstone for the denial of leave to amend." ... In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands,* 663 F.2d 419, 425 (3d Cir.1981) (citing *Cornell & Co., v. Occupational Safety and Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978)).

10. One of the factors that may be considered in denying a motion to amend is the futility of amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *see also Federal Deposit Ins. Corp. v. Bathgate,* 27 F.3d 850, 874 (3d Cir.1994); *Averbach v. Rival Mfg. Co.,* 879 F.2d 1196, 1203 (3d Cir.1989). However, given the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. The Third Circuit has stated that "the trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.1983). Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1487, at 637–642 (2d ed.1990) (footnote omitted). To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

11. Here, any proposed amendment would be futile. Plaintiff's recitation in his Complaint of the alleged facts appears to be quite comprehensive. As discussed above, the Court found that, given these allegations, Plaintiff's claim for intentional infliction of emotional distress is not via-

ble. For Plaintiff to amend his Complaint so as to sustain such a claim would require such a significant augmentation and overhaul of the allegations that the Court would have no choice but to conclude that the failure to include such allegations originally amounted to bad faith and that the amendment would unduly prejudice the Defendant, or worse yet, that the allegations were fabricated from whole cloth. In other words, it appears beyond doubt that the Plaintiff cannot prove facts sufficient to sustain his claim. *See Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. As a result, Plaintiff's request that leave be granted to amend his Complaint is denied.

And for good cause shown,

**IT IS** on this 21st day of August, 2001,

**ORDERED THAT:**

1) Plaintiff's Title VII is **DISMISSED WITHOUT PREJUDICE.**

2) Plaintiff's claims for intentional and negligent infliction of emotional distress are **DISMISSED WITH PREJUDICE.**

3) Plaintiff's request that leave be granted to amend his Complaint is **DENIED.**