

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-2003

# Veneziano v. Long Island Pipe

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Veneziano v. Long Island Pipe" (2003). *2003 Decisions.* Paper 191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 02-3083 and 03-2931
_____

STEVEN M. VENEZIANO,

Appellant

v.

LONG ISLAND PIPE FABRICATION & SUPPLY;
ROBERT MOSS; AETNA, U.S. HEALTHCARE

LONG ISLAND PIPE FABRICATION & SUPPLY,

Defendant/Third-Party Plaintiff

v.

UNITED STATES FIRE INSURANCE COMPANY,

Third-Party Defendant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 99-cv-02753)
District Judge:  The Honorable Stephen M. Orlofsky

_____

BEFORE: SLOVITER, NYGAARD, and ROTH, <u>Circuit</u> <u>Judges</u>.


(Filed: October 23,  2003)


_____

OPINION OF THE COURT

_____


NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Steven M. Veneziano brought a suit against Appellees Long Island Pipe Fabrication & Supply ("LIP"), LIP owner Robert Moss, and Aetna U.S. Healthcare ("Aetna") asserting claims under the Americans with Disabilities Act ("ADA"), New Jersey's Law Against Discrimination ("NJLAD"), Employment Retirement Income Security Act ("ERISA"), and common law tort.  The District Court granted summary judgment for LIP and Moss on all claims but ERISA.  The Court also granted summary judgment to Aetna on all counts.  After a bench trial on the ERISA claim, the District Court ruled for Veneziano and required LIP and Moss to pay modest penalties and attorney fees.  In a subsequent suit by Aetna, the District Court awarded sanctions against Veneziano's counsel for asserting frivolous claims.  We have consolidated these two cases—the underlying case and the sanctions award—for consideration in the instant appeal.  We will affirm the District Court's orders of summary

2

judgment, affirm the findings on penalties and attorney fees, and dismiss Veneziano's appeal of the sanctions award for lack of standing.

## I. FACTS AND PROCEDURAL HISTORY

Because the facts are known to the parties, we review them only briefly. Veneziano was employed as a warehouse manager by LIP for approximately one year, from January 1997 to January 1998. As a benefit of his employment, Veneziano had health insurance coverage as a member of LIP's group plan with Aetna.

Veneziano's employment with LIP ended after he was hospitalized and diagnosed with symptomatic HIV and PCP. Because Veneziano was no longer an employee of LIP, his insurance coverage was eventually terminated by Aetna. The insurance coverage was reinstated under Title X of the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), but Veneziano lacked coverage from June 15, 1998 to August 1, 1998.

Veneziano brought claims against LIP, Moss, and Aetna. His claims against LIP and Moss were under the ADA, NJLAD, ERISA, and common law tort. His claims against Aetna were under the ADA and NJLAD. In response to Veneziano's claims, the defendants moved for summary judgment. The District Court granted summary judgment in favor of LIP and Moss on the ADA, NJLAD, and common law tort claims, leaving the ERISA claim to be considered at trial. The District Court also granted summary judgment for Aetna as to all of Veneziano's claims. At a bench trial, the Court

held that LIP had violated the ERISA statute, but since it had not done so in bad faith, the court imposed only modest penalties. Veneziano's appeal of the summary judgment orders and holding at trial was filed at No. 02-3083 and is the crux of the instant case.[1]

When it granted summary judgment for Aetna, the District Court found that the claims against Aetna were "frivolous, meritless, . . . vexatious" and in bad faith under N.J. Stat. Ann. § 10:5-27.1, and therefore awarded Aetna attorney fees. Rather than charge the costs to Veneziano, the Court stipulated that the sanction was against Veneziano's counsel. 28 U.S.C. § 1927. Veneziano immediately filed an appeal of the sanctions award, but this Court denied the appeal, without prejudice, because the amount had not yet been quantified. No. 03-1394. Once the amount was quantified, Veneziano renewed his appeal of the sanctions award in No. 03-2931.

On August 12, 2003, we granted the uncontested motion to consolidate the sanctions award appeal with the appeal of the case on the merits. We have jurisdiction over the appeals under 28 U.S.C. § 1291.

## II. DISCUSSION

A.        Standard of Review

This Court has plenary review of the District Court's decisions to grant summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602-03 (3d Cir.

---

1.        We note that Veneziano has made previous appeals of the District Court's grant of summary judgment for LIP and Moss, but the appeals were dismissed as premature. Nos. 01-1977; 02-2318.

4

2002).  The Court takes the facts in the light most favorable to the appellant and must grant summary judgment if there is no issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

This Court reviews a District Court's award of attorney fees under plenary review as to the standard applied, and for abuse of discretion as to amount.  *See Brytus v. Spang*, 203 F.3d 238, 244 (3d Cir. 2000) (citations omitted).  Similarly, this Court reviews a District Court's determination of penalty amount for abuse of discretion.  *See Hennessey v. Fed. Deposit Ins. Corp.*, 58 F.3d 908, 916 (3d Cir. 1995).

B.	ADA and NJLAD's Qualified Person Requirement

Veneziano claims that the District Court erred when it found that Veneziano had not shown a genuine issue of material fact about whether he was a qualified person under the ADA and NJLAD.

To make out a prima facie case under the ADA, a plaintiff must show that he (1) is disabled, (2) is qualified to perform the essential functions of his job, and (3) suffered an adverse employment decision as a result of discrimination.  *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir. 1998).  If a plaintiff fails to make out a prima facie case under the ADA, he has likewise failed to meet his burden under the NJLAD.

The issue under the qualified person prong of the ADA and NJLAD is whether heavy lifting was an essential function of Veneziano's job as a warehouse manager.  The District Court applied judicial estoppel and refused to consider any

5

evidence, since on a Disability Report submitted to the Social Security Administration Veneziano indicated that for one-third to two-thirds of the work day he lifted more than 50 pounds.

"[J]udicial estoppel may be invoked by a court at its discretion to preserve the integrity of the judicial system by preventing parties from playing fast and loose with the courts in assuming inconsistent positions, and . . . with a recognition that *each case must be decided upon its own particular facts and circumstances." Motley v. New Jersey State Police*, 196 F.3d 160, 163 (3d Cir. 1999) (emphasis and ellipsis in original) (citations and quotations omitted). Before applying judicial estoppel, a court should assess whether the present position is inconsistent with a prior position, and if so, whether the inconsistent positions were offered in bad faith. *Id.* at 163-64. We find, as did the District Court, that Veneziano's statement on the Social Security form is inconsistent with his current argument that heavy lifting was not an essential function in his job, and that Veneziano has failed to proffer a reasonable explanation for the inconsistency. We are not persuaded by Veneziano's assertion that because he did not fill out the Social Security application himself, judicial estoppel cannot apply. Veneziano signed the application and does not contest that the information provided thereon was true.

We are further convinced the result we reach on this issue—that Veneziano did not show an issue of material fact about being qualified to perform the essential

functions of his job—is correct, since Veneziano has conceded he was "physically incapable of working between January 1998 and March of 1999."

Because we hold that the District Court was correct in applying the doctrine of judicial estoppel, it follows that the grant of summary judgment for failure to make out a prima facie case under the ADA and NJLAD was appropriate.

C.        Intentional Infliction of Emotional Distress

The District Court granted summary judgment on Veneziano's intentional infliction of emotional distress claim because he had not shown that LIP's or Moss's conduct was extreme and outrageous. We too reject Veneziano's contention that the totality of the circumstances constitutes extreme and outrageous conduct. Veneziano cites no New Jersey case law to demonstrate that the appropriate test is the totality of the circumstances or that an employer-employee relationship reduces the necessary showing of outrageousness. In fact, Veneziano conveniently overlooks the cases applying New Jersey law that say "it is particularly difficult to establish intentional infliction of emotional distress in the employment context." *See, e.g., Witherspoon v. Rent-A-Center*, 173 F.Supp.2d 239, 242 (D. N.J. 2001).

Because Veneziano has failed to show extreme and outrageous conduct, an element of the intentional infliction of emotional distress tort, the District Court properly granted summary judgment on that claim.

D.        ERISA Penalties

7

At trial, the District Court held that although LIP violated the ERISA statute by failing to provide Veneziano sufficient or timely notice of his rights under COBRA and ERISA, only modest penalties were appropriate because Veneziano was not prejudiced and LIP had not acted in bad faith. Veneziano challenges the penalties and asserts that LIP acted in bad faith and caused him prejudice.

The District Court fulfilled its obligations by asking whether LIP acted in bad faith or caused Veneziano prejudice, answering both questions in the negative. Based on these findings, the Court awarded statutory penalties. We will not disturb the District Court's exercise of discretion in assigning the penalty amount.

E.          Attorney Fees

The District Court awarded attorney fees to Veneziano under 29 U.S.C. § 1132(g)(1), but not in the entire amount he sought. The District Court excluded the amount of fees attributable to claims on which Veneziano did not prevail. Veneziano argues that this reduction in fees was inappropriate.

*Hensley v. Eckerhart*, 461 U.S. 424 (1983), requires that a District Court calculate a lodestar amount before it awards attorney fees. The lodestar is reached by multiplying the reasonable number of hours worked by a reasonable hourly rate. *Id.* at 433. The first question on appeal is whether the District Court properly reduced the number of hours that it plugged into the lodestar formula. "In calculating the hours reasonably expended, a court should review the time charged, decide whether the hours

set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (citations and quotations omitted). Veneziano has failed to show that the number of hours was reasonable. The document that Veneziano submitted supporting his fee request was not redacted or prorated to account for unsuccessful claims.[2] The District Court found that only one-sixth of general administrative activities were reimbursable. It was entirely appropriate for the District Court to prorate these general fees, as it was something that Veneziano's counsel should have done before applying for attorney fees under § 1132(g)(1).

Then the District Court proceeded to further reduce the reimbursable hours because of Veneziano's limited success. *See Hensley*, 461 U.S. at 434-36. The Court applied a negative 50% multiplier. The issue is whether this additional reduction was appropriate, or whether it constituted an inappropriate double reduction. In *Hensley*, the Supreme Court stated that once the District Court has calculated the lodestar it may, in its discretion, adjust the amount based on the "results obtained" by the plaintiff. *Id.* at 434-35. Here, the District Court properly exercised its discretion by further reducing the lodestar. *See Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 925 (3d Cir. 1985).

---

2.     The fee request included hours expended on an EEOC claim that was wholly separate from the ERISA claim before the District Court.

9

We find that the District Court applied the proper standard and did not abuse its discretion in setting the amount of attorney fees.

F.        ADA's Covered Entity Requirement

The District Court properly granted summary judgment for Aetna on the ADA claim, because Aetna is not a "covered entity" subject to the ADA. Veneziano misreads the ADA's prohibition against retaliation and coercion, 42 U.S.C. § 12203, to apply to all "persons" when it clearly applies only to employers. *See, e.g., Hiler v. Brown,* 177 F.3d 542, 545-47 (6th Cir. 1999). Since Aetna is not Veneziano's employer, nor can it be seen as an agent of his employer, it is not subject to ADA liability.

G.        NJLAD's Bona Fide Insurance Plan Exception

The District Court did not err by granting summary judgment for Aetna on the NJLAD claim. Aetna is excluded from the NJLAD as a "bona fide insurance plan." *See* N.J. Stat. Ann. § 10:5-2.1. Veneziano argues that because Aetna failed to comply with state regulations by terminating Veneziano's coverage without prior notice it cannot be considered "bona fide." However, there is no legal precedent that supports this position. Aetna falls squarely within the definition of "bona fide" set forth by the Supreme Court for an analogous provision in the Age Discrimination in Employment Act—the plan must only "exist and pay benefits." *Pub. Employees Ret. Sys. v. Betts*, 492 U.S. 158, 166 (1989) (citations omitted).

H.        Sanctions Award

10

Veneziano appeals the sanctions award against his counsel. We will not reach the merits of his argument because he lacks standing to so appeal. *See Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101, 104 (3d Cir. 1988) (stating that plaintiffs lack standing to appeal sanctions imposed only against their counsel).

### III. CONCLUSION

For the reasons set forth, we will affirm the District Court's orders of summary judgment, imposition of penalties, and award of attorney fees. We dismiss the appeal of the sanctions award against Veneziano's counsel for lack of standing.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard
Circuit Judge