■ WILFREDO MONTANEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [773 NYS2d 549]—

Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about September 17, 2003, which, to the extent appealed from, denied in part defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant claims that plaintiff, its former employee, by reason of representations made by him in obtaining federal and city disability retirement benefits, should be estopped from alleging that he was capable of performing his job duties in a reasonable manner and was thus wrongfully terminated by reason of his disability. In making this claim, defendant points to plaintiff's representations made in order to obtain federal and city disability benefits. In our view, plaintiff's general represen-

tations to the benefits agencies respecting his inability to work are not necessarily inconsistent with his present claims that, at least with a reasonable accommodation, he would have been capable of continuing to perform his job duties (*see Cleveland v Policy Mgt. Sys. Corp.*, 526 US 795 [1999]; *and compare Dayoub v Penn-Del Directory Co.*, 90 F Supp 2d 636, 639 [2000], *with Motley v New Jersey State Police*, 196 F3d 160, 165 [1999], *cert denied* 529 US 1087 [2000]). Further, defendant has failed to show as a matter of law that the city or federal agency made any factual finding fatal to plaintiff's current claims (*cf. Veneziano v Long Is. Pipe Fabrication & Supply Corp.*, 238 F Supp 2d 683, 693 [2002], *affd* 79 Fed Appx 506 [2003]). A reasonable jury could find that plaintiff's statements to the federal and city agencies "constituted an explanation for his termination rather than a description of his actual physical abilities" (*Parker v Columbia Pictures Indus.*, 204 F3d 326, 334 [2000]).

Contrary to defendant's contention, plaintiff has raised questions of fact as to whether he was constructively discharged (*cf. Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650, 651 [2002]), and whether there were threats to eliminate reasonable accommodations, in violation of Administrative Code of the City of New York § 8-107 (19). Concur—Buckley, P.J., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.